# IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE

## AT NASHVILLE

## JULY 1997 SESSION

FILED

October 24, 1997

Cecil W. Crowson
Appellate Court Clerk

| | | |
|---|---|---|
| STATE OF TENNESSEE, | ) | |
| | ) | C.C.A. NO. 01C01-9601-CC-00030 |
| Appellee, | ) | |
| | ) | WAYNE COUNTY |
| VS. | ) | |
| | ) | HON. WILLIAM B. CAIN, |
| FRANKLIN JENKINS, | ) | JUDGE |
| | ) | |
| Appellant. | ) | (Aggravated assault) |


FOR THE APPELLANT:                    FOR THE APPELLEE:


NATHANIEL H. KOENIG                   JOHN KNOX WALKUP
150 Second Ave., N., Suite 300        Attorney General & Reporter
Nashville, TN  37201-1902
        (On appeal)                   LISA A. NAYLOR
                                      Asst. Attorney General
SHARA FLACY                           450 James Robertson Pkwy.
District Public Defender              Nashville, TN 7243-0493


LARRY NICKELL                         MIKE BOTTOMS
Asst. Public Defender                 District Attorney General
P.O. Box 1208
Pulaski, TN  38478                    RICHARD H. DUNAVANT
        (At trial)                    Asst. District Attorney General
                                      P.O. Box 304
                                      Pulaski, TN  38478



OPINION FILED:_____



**REVERSED AND REMANDED**



**JOHN H. PEAY,**
Judge

# O P I N I O N

The defendant was indicted for aggravated assault committed by use of a deadly weapon.[1] A jury convicted him of Class D aggravated assault[2] and he was sentenced as a Range I standard offender to three years incarceration. In this direct appeal, the defendant contends that he is entitled to a new trial because the court below failed to instruct the jury on the lesser offense of assault. He also challenges the length of his sentence, contending that the trial court erred in applying certain enhancement factors. Upon our review of the record, we reverse the defendant's conviction and remand this matter for retrial.

Nadine Armstrong testified that on September 14, 1992, she had gotten into an argument with the defendant, her boyfriend. According to Ms. Armstrong, the defendant hit her in the mouth and she ran into another room. As she was running, she heard a shot. She turned around and saw the defendant standing in front of her with a gun. She testified that she just stood there and started to scream. At that point, the defendant held the gun to her chest and threatened to kill her. She testified that she had been afraid for her life and asked him not to kill her. He subsequently took the gun down. A bullet was later recovered from the floor.

The defendant testified that, during the argument, the victim "raised up the mattress on the bed and reached her hand under the bed, and I told her, I said, you better not be getting no gun. And I slapped her." According to the defendant, the

---

[1] The indictment provides, in pertinent part, that the defendant "did unlawfully, intentionally and knowingly by the use of a deadly weapon, to wit: a 380 caliber pistol, cause [the victim] to reasonably fear imminent bodily injury by hitting said [victim] in the mouth and did shoot at [the victim] and did put the aforesaid pistol in the chest of [the victim] while stating he would kill her, in violation of Tennessee Code Annotated 39-13-102." At the time this crime was committed, aggravated assault could be committed by assaulting someone and causing serious bodily injury or using or displaying a deadly weapon. T.C.A. § 39-13-102(a)(1) (Repl. 1991). The instant indictment sufficiently alleges aggravated assault only by use or display of a deadly weapon. The indictment contains no allegation of serious bodily injury.

[2] Effective May 12, 1993, aggravated assault became either a Class C or Class D felony, depending upon whether the assault was committed intentionally or knowingly, or recklessly. See T.C.A. § 39-13-102 (Supp. 1993).

victim then went to her vehicle and when he next saw her in the house, "she had a gun in her hand." He testified that he had been scared and slapped the gun with his left hand. At that point, he testified, "the gun hit the floor, and it went off. And she was clawing at me, and I didn't mean to hit her, but I hit her." He testified that he subsequently retrieved the gun and threw it into the woods.

Assault is committed when a person "(1) Intentionally, knowingly or recklessly causes bodily injury to another; (2) Intentionally or knowingly causes another to reasonably fear imminent bodily injury; or (3) Intentionally or knowingly causes physical contact with another and a reasonable person would regard the contact as extremely offensive or provocative." T.C.A. § 39-13-101(a) (Repl. 1991). Assault is a lesser grade offense of aggravated assault. See generally State v. Trusty, 919 S.W.2d 305 (Tenn. 1996). At the time the instant crime was committed, aggravated assault occurred when a person committed an assault as defined in T.C.A. § 39-13-101 and used or displayed a deadly weapon, and it was a Class C felony. T.C.A. § 39-13-102(a)(1)(B) and (b) (Repl. 1991).

In 1993, our legislature rewrote the section of our Code dealing with aggravated assault. In pertinent part, aggravated assault was divided into Class C and Class D felonies, depending upon the defendant's mens rea at the time he or she committed the offense. That is, aggravated assaults committed intentionally or knowingly remained Class C felonies. However, aggravated assaults committed recklessly became Class D felonies. See T.C.A. § 39-13-102 (Supp. 1993). In this case, the court below instructed the jury under the revised version of aggravated assault. This was error. See T.C.A. §39-11-112 (Repl. 1991) ("Whenever any penal statute . . . is repealed or amended by a subsequent legislative act, any offense, as defined by the statute . . . being repealed or amended, committed while such statute . . . was in full force and effect shall be prosecuted under the . . . statute in effect at the time of the commission of the offense.")

3

The court below compounded its error by failing to instruct the jury on simple assault. "It is the duty of all judges charging juries in cases of criminal prosecutions for any felony wherein two (2) or more grades or classes of offense may be included in the indictment, to charge the jury as to all of the law of each offense included in the indictment." T.C.A. § 40-18-110(a) (Repl. 1990). It is error to fail to instruct the jury on the lesser offense(s) unless the record clearly shows that the defendant was guilty of the greater offense and is devoid of any evidence permitting an inference of guilt of the lesser offense. State v. Boyd, 797 S.W.2d 589, 593 (Tenn. 1990). In this case, the defendant testified that the victim had had the gun and that he hit her after disarming her. This testimony, if believed, would support a conviction of simple assault: not aggravated assault by use of a deadly weapon. Accordingly, it was error for the trial court to fail to instruct the jury on the lesser offense of assault. The trial court's error entitles the defendant to a new trial. See, e.g., State v. Summerall, 926 S.W.2d 272, 279 (Tenn. Crim. App. 1995). There remains the issue, however, of which charges the defendant may be retried upon.

When the trial judge charged the jury under the new version of aggravated assault, he instructed it to first consider the offense of intentional or knowing aggravated assault, the Class C felony. If the jury determined the defendant to be not guilty of this offense, it was then to consider the defendant's guilt of reckless aggravated assault, the Class D felony. The jury returned a verdict of guilt of Class D aggravated assault. Obviously, then, it acquitted the defendant of intentional or knowing aggravated assault. Equally obviously, the defendant cannot now be retried for that offense. See U.S. Const. amend. V; Tenn. Const. art. I, § 10. We see no double jeopardy violation, however, in permitting the defendant to be retried for reckless aggravated assault, as that offense existed at the time the offense was committed. That is, that the defendant recklessly caused bodily injury to the victim and used or displayed a deadly weapon. See T.C.A. §§ 39-13-102(a)(1)(B) and 39-13-101(a)(1) (Repl. 1991). Accordingly, we remand this matter for a new trial on the

4

charge of reckless aggravated assault under T.C.A. § 39-13-102(a)(1)(B) (Repl. 1991) and, to the extent supported by the evidence, all lesser offenses.

The defendant also contends that the trial court erred when it enhanced his sentence based on his use of a firearm and causing injury to another person. We first note that, in sentencing the defendant, the court below also noted as an enhancement factor that the defendant committed the crime while on parole. This was appropriate. See T.C.A. § 40-35-114(13). The defendant's prior criminal history serves as yet another enhancement factor. T.C.A. § 40-35-114(1). Thus, while our disposition of this case renders this issue moot, we find that a mid-range sentence of three years[3] was appropriate given these two enhancement factors alone. However, we further note that use of the enhancement factor for possession or use of a firearm during the commission of the offense, T.C.A. § 40-35-114(9), is improper when sentencing for a conviction of aggravated assault by use or display of a deadly weapon. This enhancement factor is an essential element of the offense and therefore may not be used. T.C.A. § 40-35-114. Similarly, enhancement on the basis that the reckless aggravated assault resulted in bodily injury to another person[4] is not appropriate because bodily injury is an element of reckless assault. See T.C.A. § 39-13-101(a)(1) (Repl. 1991).

With respect to resentencing following retrial of this matter, if the defendant is again convicted of reckless aggravated assault, the conviction must be treated as a Class D felony for punishment purposes. See T.C.A. § 39-11-112 ("[I]n the event [a] subsequent [legislative] act provides for a lesser penalty, any punishment imposed shall be in accordance with the subsequent act.") The legislature's revision to the aggravated assault section of our Code provides for a lesser penalty for

---

[3]The sentencing range for this offense was two to four years. See T.C.A. § 40-35-112(a)(4).

[4]Bodily injury committed during the commission of a felony may be applied as an enhancement factor in at least two circumstances: where the defendant has been previously convicted of a felony that resulted in death or bodily injury, T.C.A. § 40-35-114(11), and where the defendant willfully inflicted bodily injury upon another person. T.C.A. § 40-35-114(12).

reckless aggravated assault than did the prior statute. Accordingly, the defendant is entitled to the lesser penalty if he is reconvicted of the same offense.

The court below having committed reversible error, we reverse the defendant's conviction for aggravated assault and remand this matter for a new trial in accordance with this opinion.

_____
JOHN H. PEAY, Judge

CONCUR:


_____
WILLIAM M. BARKER, Judge


_____
JERRY L. SMITH, Judge

6